22488. SELF *v.* THE STATE.

DECIDED AUGUST 31, 1932.

*Connerat & Hunter,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

BROYLES, C. J. W. L. Self was tried on an accusation drawn under section 16 of the act of the General Assembly approved August 23, 1927 (Ga. L. 1927, p. 239). The part of the section material in this case reads as follows: "No vehicle of four wheels or less, whose gross weight, including load, is more than 22,000 pounds shall be operated on the highways of this State." Section 26 of the act provides that any person convicted of violating the provisions of the act shall be punished as for a misdemeanor. The accusation charged that Self had operated "a motor-vehicle of *four wheels or less* [italics ours], whose gross weight, including load, was more than 22,000 pounds."

Upon the trial the undisputed evidence as to the sort of vehicle operated by the defendant was, in substance, as follows: This is known as a semi-trailer type vehicle. A semi-trailer is a vehicle where the body unit rests on and is fastened to the truck part which contains the motive power, the front part of the trailer resting and being fastened on the rear axle of the motive part. This particular vehicle has a permanent connection. The motor power that pulls and the trailer equipment are permanently connected. The so-called tractor is a cab with an engine and a rear construction without any body on it. It has a short wheel base on which the body part fits. The vehicle is then one unit and bears no resemblance to the old-style trailer. The vehicle has three axles and ten wheels, four wheels on the rear axle of the truck, four wheels on the rear axle of the trailer, and two wheels on the front axle of the truck. The four wheels on the rear of the truck are two double wheels—one wheel attached to another wheel, and the same condition exists as to the four wheels on the rear axle of the trailer. The two wheels on the front of the truck are single wheels. Each of the ten wheels has a separate tire thereon.

It is obvious that the burden was on the State to affirmatively prove that the machine operated by the defendant was a vehicle of *four wheels or less.* Conceding (but not deciding) that the four wheels on the rear of the truck, and the four wheels on the rear of the trailer, should be considered as being in the aggregate only four wheels instead of eight (they being in a sense four double-wheels instead of eight separate wheels), there still remain the two separate wheels on the front axle of the truck. These two wheels added to the other four indisputably make the machine a vehicle of more than four wheels. The statute heretofore set out, being a criminal statute, must be strictly construed, and, under such a construction, could not possibly cover the vehicle operated by the defendant, and a verdict of acquittal was demanded, and the court, sitting without the intervention of a jury, erred in adjudging the defendant guilty and in refusing to grant a new trial.

Under the foregoing ruling it is not necessary to pass upon the other assignments of error.

*Judgment reversed. Luke and Hooper, JJ., concur.*