22566.  GARVIN *v.* THE STATE.

DECIDED NOVEMBER 16, 1932.

38

*Robert E. Falligant, Conneral & Hunter,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

HOOPER, J. (After stating the foregoing facts.) The evidence adduced before the trial judge, sitting without a jury, authorized the conviction of the defendant. The only material conflict in the evidence concerns the issue as to what portion, if any, of the weight of the load found upon the trailer was borne by the front axle of the truck. The State's witness, E. F. Dufour, testified that the front axle carried none of such weight, and defendant's witness, G. A. Mercer Jr., testified that with the trailer evenly loaded the front axle bears about 10% of the load. Under the defendant's evidence as to the distribution of the load of 17,330 lbs. among the three axles, the law was violated. If 10% of such load, as contended by defendant, was transmitted through the front axle of the truck, and the remainder thereof, approximately 15,500 lbs., was divided between the two remaining axles of the combination vehicle, it would follow that the load on such axles would exceed the 12,500 pounds allowed by law. Plaintiff in error contends that this combination motor-vehicle is the mechanical evolution or equivalent of the old style combination, which consists of a truck and a two-wheel trailer connected thereto by a coupling or other flexible connection. A trailer of that type, under the statute here involved, would be permitted a maximum load of only 6,350 pounds, but the trailer in the instant case, as shown above, had a weight on the axle at the rear end thereof exceeding 7,500 pounds. Therefore, whether the middle axle be ascribed to the truck or the trailer, it would necessarily follow that the trailer is either a vehicle with two axles bearing over 12,500 pounds, or a vehicle with one axle bearing over 6,350 pounds, either of which conclusions would render the defendant guilty.

Counsel for plaintiff in error contends that the decision of this court in *Self* v. *State,* 45 *Ga. App.* 522 (165 S. E. 295), supports their contention, but we do not think so. That case involved the violation of section 16 of the act approved August 23, 1927 (Ga. L. 1927, p. 239), prohibiting a vehicle of four wheels or less whose gross weight, including the load, is more than 22,000 pounds, from being operated on the highways of this State except under special conditions. This court held that the combination motor-vehicle involved in that case, which was quite similar to but not identical with the semi-trailer type of vehicle herein involved, was not, under the rule of strict construction, of a criminal statute, a "motor-vehicle of four wheels or less." The evidence in the Self case showed that the combined weight upon the front and rear axles of the truck was less than 22,000 pounds.

The court did not err in admitting the testimony of plaintiff's witness, E. F. Dufour, as complained of in ground 4 of the motion for a new trial.

The remaining assignments of error contained in the bill of exceptions and in the motion for a new trial involve only the sufficiency of the evidence, and are without merit. The trial judge, therefore, did not err in refusing to dismiss the accusation on motion of the defendant, nor in rendering a verdict of guilty against defendant, nor in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*